### BRADLEY v. METAL STAMPING CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 69.

PATENTS (§ 328*)—INVENTION—THILL COUPLING.

> The Bradley patent, No. 609,928, for a thill coupling having a leather packing between the spherical knuckle and the inclosing draft eye, in view of the prior art, is void for lack of invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Christopher C. Bradley against the Metal Stamping Company. From an order granting a preliminary injunction (166 Fed. 327), defendant appeals. Reversed.

W. A. Megrath, for appellant.

H. P. Denison, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This patent has been twice before this court. Bradley v. Eccles, 126 Fed. 947, 61 C. C. A. 669, and Bradley v. Eccles, 139 Fed. 447, 71 C. C. A. 291, may be consulted for information as to the details of the patent. The device covered by it is a packing, generally of leather, which is inserted in a thill coupling so as to be interposed between the spherical interior of the draw eye and the knuckle which is inserted. We found the patent to be a very narrow one, which could be sustained only for the precise device shown, but also found that on the record then before us there was patentable novelty. The device thus sustained we described as:

> "A hard leather packing—molded before application into such shape as will cover the knuckle completely—integral, but with an open longitudinal joint which permits it to be sprung open so as to slip over the knuckle, whereupon it resumes its spherical shape."

The following excerpts from the prior opinions will indicate the character of the record then before us:

> "Some six years prior to the patent in suit the same patentee had taken out one for a thill coupling the iron parts of which, including the spherical knuckle on the thill fitting into a similarly shaped recess in the draft eye, are substantially the same as in the patent in suit. * * * There could be no invention merely in applying a washer between these metal parts. * * * The use

of leather washers to relieve friction, prevent rattling, secure even pressure, and avoid wear and tear between metal surfaces, has been the common property, not only of mechanics, but also of all persons possessing ordinary intelligence, for many generations. If the bearing surfaces are square, or circular, or triangular—cylindrical, conical, or spherical—ordinary common sense would suggest that the scrap of leather to be employed must be of such shape and size as reasonably to conform thereto. If the surfaces are close together, the leather must be thin; if far apart, it should be thicker. * * * If all the patentee had done was to put a flat leather washer of suitable size and shape between those parts, this court would not have found invention in such a contrivance, even though after it was forced into place by the closing of the draft eye upon the spherical knuckle the leather assumed the shape shown in the patent. The patentee, however, went a step further. He testified that 'after repeated experiments [he] devised a way for pressing up a leather packing into the form shown in the drawing,' 'provided with a longitudinal opening upon one side' so that they 'are easily and readily replaced,' and one is 'always sure of perfect alignment.' The specification states that the packing is made of a flat piece of hard oak leather and 'bent and molded by pressure to the required spherical form, * * * so that this split packing will retain its shape and can be sprung over the wrist [spherical knuckle],' and 'twisting and wringing of the packing in the draft eye * * * is entirely avoided.' * * * The molded and integral packing of the patent appears, from the testimony of complainant, to have prevented rattling to an extent not secured by other forms of packing with which he experimented for five years before he hit upon this device; and it has commended itself to the public, as large and increasing sales indicate. Defendant has introduced no evidence on this branch of the case, except the earlier patents."

Two patents only were relied upon on the earlier appeals. The Temple patent, No. 279,043, June 5, 1883, showed the packing—of rawhide or other suitable flexible material—"but the metallic barrel over which it is slipped is cylindrical and the packing does not cover its ends, the packing is itself cylindrical and to any contact of parts caused by lateral or torsional twists it supplies no nonmetallic buffer."

The other reference was a Canadian patent to Murray, September 18, 1888. It shows a thill in the bifurcation of which there is a ball with cylindrical trunnions, which is inserted in a recess in the draft iron. Upon the top of this ball is located an inverted cup-shaped packing, preferably of leather; in the bottom, under the ball, is laid a similar cup-shaped packing. Of this patent we said in our earlier opinion:

"It closely resembles the device of the Bradley patent, but is not the same, since it is not integral, and therefore does not cover the ball as completely as the packing of [Bradley's] patent; the two cups being separated from each other by the width of the trunnions."

In our later opinion we pointed out the advantage of having the packing in a single piece molded out of leather hard enough to retain its shape, and which could be slipped over the spherical knuckle.

The record now before us contains a much fuller showing of the prior art. It is unfortunate that such a presentation was not made when the patent was first considered. Two only of the new references need be discussed. The object of invention, as stated in the patent to Clapp and Van Patten (No. 179,682, July 11, 1876), is to—

"produce a cushion to be interposed between the divided eye, which is secured to the thill, and the bolt, which is rigidly attached to the ears of the clip part of the coupling, which will effectually prevent the eye from striking against the ears of the clip part and thus cause rattling, and which can be easily placed

or removed and a new one replaced without removing the bolt of the clip part; and it consists in the cushion having collars or equivalent means for preventing the divided eye from coming in contact with the ears of the clip, and grooved [the context shows that the writer means 'split'] to enable it to be readily placed over or removed from the bolt of the clip part without removing the latter."

The drawings show this packing very clearly.

FIG. 2.　　　　FIG. 3.　　　　FIG. 4.

J is a bolt rigidly secured, by riveting or otherwise, to the ears, C, of the clip part. This bolt is not to be withdrawn, but a divided draft eye is used, which is slipped around the bolt and fastened to the thill. When the thill is removed, one part of this divided eye is released from the thill, and the eye drawn out from engagement with the bolt. D and E, Fig. 2, represent the two parts of the divided eye. It will be understood that they are hinged together in the rear of the bolt. The patentee says:

"Between the divided eye, D, E, and the bolt, J, of the clip part, we interpose a cushion of india rubber, or other elastic or yielding material. This is made with a depression, F, over which the divided eye, shaped internally to fit the groove, is secured, shoulders, G, on the cushion preventing it from coming in contact with the ears of the clip part. * * * In order to enable the cushion to be readily placed over the bolt, J, we provide it with a groove [he means "a slit"], K, extending from its circumference to the aperture, L, which groove allows the cushion to be spread open and over the bolt, J, in placing, removing, or replacing it. * * * The advantages possessed by our invention are that the cushion can be placed, removed, and replaced upon the bolt, J, without removing the latter."

The other patent now first presented to this court is one for a thill coupling granted to Elting, October 2, 1883, No. 286,123. Fig. 7 sufficiently indicates the packing therein described.

The specification states that by means of an improved construction and arrangement of parts the absence of all noise from rattling is secured. The packing—

Fig. 7.

"projects far enough on each side of the thill iron, so as to prevent all rattling by lateral motion upon surfaces which, in most couplings, are entirely unprotected by packing."

These two patents show that in the art prior to Bradley there were disclosed features which, as that art was disclosed in the former record, were apparently absent. We find a molded packing so arranged as to cover every part of the engaging metal surfaces completely, so that whatever motion there may be, up or down, forward or back, to right or left, or torsional, metal can never run or strike against metal. Moreover, this packing device of the prior art was split, so that it

could be sprung open and spread over the surface it was designed to protect, without any liability to slip, to get out of place, to wrinkle or buckle.

Had these patents been in the record when this patent was first considered, we could not have found patentable novelty in the spherical-shaped molded packing of Bradley. Now that they are here, we must hold the patent void for lack of invention.

The order is reversed.